**Cornelius OGUNSALU, Plaintiff— Appellant,**

v.

**Mohan S. NAIR, M.D.; et al., Defendants—Appellees.**

**No. 06–55842.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

See also, 117 Fed.Appx. 522.

Cornelius Ogunsalu, La Mesa, CA, pro se.

Matthew Adam Mason, Esq., Neil Dymott Frank Harrison and McFall, Alan Graves, San Diego, CA, Steven D. Hunt, Esq., Law Offices Steven D. Hunt, Orange, CA, Marc S. Carlson, Esq., Angela M. Taylor, Esq., Jones Day, Irvine, CA, William J. Marett, Jr., Attorney Gerneal's Office Tennessee, Nashville, TN, for Defendants–Appellees.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Cornelius Ogunsalu appeals pro se from the district court's judgment dismissing his action alleging violations of 42 U.S.C. § 1983, the Family Education Rights and Privacy Act, and other federal and state

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

provisions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Gompper v. VISX, Inc.,* 298 F.3d 893, 895 (9th Cir. 2002), and we review for abuse of discretion the district court's decision to set aside a default judgment, *Franchise Holding II, LLC. v. Huntington Rest's Group, Inc.,* 375 F.3d 922, 925 (9th Cir.2004). We affirm.

■ The district court properly dismissed the action as to the University of Memphis, Doris Kirby, and Donald Carson from the action because Ogunsalu failed to establish that the California district court had personal jurisdiction over them. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 807 (9th Cir.2004) (affirming dismissal of complaint against nonresident defendant for lack of personal jurisdiction).

■ The district court properly dismissed Ogunsalu's Fourteenth Amendment claim because Ogunsalu's conclusory allegations were insufficient to show that defendants acted under color of state law. *See Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003) (concluding that plaintiff's conclusory allegations were insufficient to establish that a private party is a state actor under § 1983).

■ The district court did not abuse its discretion by granting defendant Nair's motion to set aside the judgment because Ogunsalu filed superceding pleadings, rendering his motion for entry of default judgment as to the original complaint untimely. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir.1992) (An amended pleading supersedes the original pleading such that "after amendment the original pleading no longer performs any function and is treated 'thereafter as nonexistent.' ") (internal quotations omitted).

■ The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Ogunsalu's state-law claims where it "dismissed all claims over which it had original jurisdiction." *See* 28 U.S.C. § 1367(c)(3).

■ The district court did not abuse its discretion by dismissing without leave to amend because further amendment would have been futile. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc).

The district court properly denied as moot plaintiff's motion for default judgment and the motions to strike plaintiff's second amended complaint.

The remaining contentions are unpersuasive.

All pending motions are denied.

**AFFIRMED.**